IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CR-367-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| MYRON PELECH, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court on October 26, 2026, for Rule 17.1 pretrial conference. Defendant appeared through counsel, Hayes S. Ludlum, and the government appeared through counsel, Karen K. Haughton and Ashley H. Foxx. Anthony Patrick, Federal Bureau of Investigation Special Agent, also was present. The court memorializes as follows the parties' stipulations and its rulings at conference.

At conference, the government notified the court and defendant that it plans to call seven witnesses at trial and anticipates that it will be finished presenting its case by the close of the morning session on Thursday, October 29. The government will provide its witness list to defendant and the court by October 27. Defendant does not anticipate calling any witnesses, unless defendant decides to testify.

The government also provided overview of its proposal for introducing exhibits containing child sex abuse material ("CSAM"), including introducing paper copies of these exhibits in red folders, with copies made available to the court, defendant, and the jury. After using these exhibits, the government plans to collect the exhibits and use redacted versions of the same as needed for subsequent testimony. These versions will not include any depictions of CSAM. The government

also plans to provide one copy of the folder to the jury for use during deliberations. Defendant does not object to the government's proposal for introducing exhibits containing CSAM.

The government further noted that it intends to redact the names of any children depicted in CSAM from those depictions provided to the court, defendant, and the jury, and asked that its witnesses be permitted to refer to those depictions without using the names of the children portrayed. If any names are inadvertently disclosed, the government requested that those names be redacted from any subsequently prepared transcript. Defendant does not object to the government's proposed name redactions or the procedure for redacting names inadvertently disclosed from the trial transcript.

The government had previously indicated in trial brief that it intended to call Special Agent Patrick as dual fact and expert witness. The government noted at conference, however, that it no longer intends to call Special Agent Patrick as an expert witness. Rather, he will only testify as a fact witness. The government had also forecasted its intent to introduce into evidence chart summarizing CSAM depictions purportedly found on defendant's devices under Federal Rule of Evidence 1006. The government noted at conference that it no longer intends to introduce any summary chart under Rule 1006.

The government does intend to use video recording as illustrative aid under Federal Rule of Evidence 107 in connection with Special Agent Patrick's lay testimony. According to the government, this illustrative aid will depict Special Agent Patrick performing an operation on an iPhone. Defendant requested that Special Agent Patrick have an iPhone available during testimony so that counsel can cross examine this witness on procedure shown in illustrative aid. The government indicated that it does not have available the same device used in the illustrative aid, but that it is attempting to obtain a device with similar capabilities for use as needed during

testimony. The government will notify defendant and the court prior to trial if it is unable to obtain a device with similar capabilities for use during testimony.

In trial brief, the government forecasted intent to admit certain records as self-authenticating. Defendant does not object to the government's proposed exhibits on basis of self-authentication. However, defendant filed motion in limine seeking to exclude government's use of defendant's prior criminal judgment under Federal Rule of Evidence 403, which motion was denied, for reasons noted on the record and set forth by separate order.

The government moved in limine to preclude defendant from arguing affirmative defense under 18 U.S.C. § 2252(c). Defendant indicated at conference that he does not intend to raise this affirmative defense.

The government also moved in limine to preclude defendant from referencing potential penalties he faces if convicted. Defendant agreed to notify the court if he should decide it necessary to reference his potential sentence or other penalties of conviction before the jury. See Shannon v. United States, 512 U.S. 573 579 (1994) ("The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury.").

On October 23, 2026, the government filed proposed special verdict form requesting the jury to find whether defendant has at least one prior conviction under Title 18, United States Code, Chapter 110, Sexual Exploitation and Other Abuse of Children. (DE 65). At conference, the government asked the court to take judicial notice that defendant's prior conviction under 18 U.S.C. § 2252(a) is an offense under Title 18, United States Code, Chapter 110. Defendant agreed that his prior conviction is under Title 18, United States Code, Chapter 110. The court indicated

it would take judicial notice at the appropriate time that defendant's prior conviction under 18 U.S.C. § 2252(a) is an offense under Title 18, United States Code, Chapter 110.

The government noted potential availability of counseling services for jurors following exposure to CSAM during trail. A suggested form of order is to be provided. The court indicated it would not instruct members of the jury as to any availability of counseling services until after the jury has rendered all verdicts. Defendant indicated no objection to jurors being informed of available services after conclusion of trial.

Prior to conference, both parties provided proposed voir dire questions to the other party and the court. At conference, parties had no objections to proposed voir dire questions.

SO ORDERED, this the 27th day of October, 2026.

LOUISE W. FLANAGAN
United States District Judge