IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CR-367-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MYRON PELECH, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motion in limine, in which plaintiff seeks to exclude evidence relating to a prior child pornography conviction under Federal Rule of Evidence 403 (DE 64). The government preemptively addressed the issue in trial brief (DE 53). Defendant's motion was heard October 26, 2026, and denied with written order to follow. For the reasons explained on the record yesterday and below, the court has denied defendant's motion.

**BACKGROUND**

Defendant's prior conviction may be summarized as follows. On February 23, 2016, defendant pleaded guilty to one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a). Defendant admitted using uTorrent, a file sharing program, to search and download child sex abuse material ("CSAM"). According to defendant, he used public wireless networks, at locations like McDonald's and Lowe's, to download files containing CSAM. He was sentenced to 120 months' imprisonment and 20 years' supervised release. After serving his sentence, defendant was released to supervision December 22, 2022.

Turning now to the instant charge, in June 2023 the Federal Bureau of Investigation conducted an undercover investigation into transmission of child sex abuse material ("CSAM")

through the peer-to-peer file sharing network, BitTorrent. During this investigation, federal law enforcement purportedly downloaded 161 files containing CSAM from an IP address registered to a Regency Inn in Fayetteville, North Carolina, where defendant was a long-term resident following release from prison. According to hotel employees, this wireless network was password protected and only accessible near the hotel lobby.

Following execution of a search warrant on defendant's hotel room, federal law enforcement allegedly uncovered two devices, an Apple iPhone and Samsung tablet, both containing CSAM. Forensic examination of the Apple iPhone purportedly confirmed it had been connected to the Regency Inn's wireless internet while he lived at the hotel. Hotel employees likewise confirmed that defendant often came to the hotel lobby to use the internet and discussed using torrents.

**COURT'S DISCUSSION**

Under Federal Rule of Evidence 414, "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 414(a). "Child molestation" includes transportation, possession, and receipt of child pornography. Fed. R. Evid. 414(d)(2)(B) (defining child pornography to include any conduct prohibited under 18 U.S.C. § 2252). A "child" is defined as a person under the age of 14. Id. at 414(d)(1).

Rule 414 "is an exception to the general rule that evidence of past crimes may not be used to prove the character of a person in order to show action in conformity therewith" in that it "allows the admission of evidence for the purpose of establishing propensity to commit other sexual

offenses." United States v. Kelly, 510 F.3d 433, 436-37 (4th Cir. 2007).[1] "In allowing this evidence, Rule 414 reflects Congress's view that this propensity evidence is typically relevant and probative." Id. at 437.

Relevant evidence under Rule 414 is still subject to Rule 403's balancing test, however, and should be excluded if the "probative value is substantially outweighed" by the danger of, among other things, unfair prejudice, confusing the issue, or misleading the jury. Fed. R. Evid. 403; see also Kelly, 510 F.3d at 437. In applying this balancing test, the court considers: 1) "the similarity between the previous offense and the charged crime"; 2) "the temporal proximity between the two crimes"; 3) "the frequency of the prior acts"; 4) "the presence or absence of intervening acts"; and 5) "the reliability of the evidence of the past offense." Kelly, 510 F.3d at 437. This flexible analysis does not require findings on each specific factor. Id. at 437 n.3.

Defendant argues evidence of his prior child pornography conviction should be excluded under Rule 403. According to defendant, "the only probative value that [his] prior conviction[] and subsequent [sex offender] registration has comes from its strong ability to suggest propensity and inherently prejudicial effect of branding [defendant] a sex offender. (Df's Motion in Limine (DE 64) at 3). Thus, he contends the evidence "risks confusing the jury about which facts are evidence of this particular charge and misleading them in their ultimate determination as to [defendant's] guilt." (Id.).

The government responds that defendant's prior child pornography conviction is highly probative, relevant, and not unfairly prejudicial. Under the first factor of Rule 403's balancing test, the government contends that "defendant's prior conviction is nearly identical to the instant

---

1 Unless otherwise specified, internal citations and quotation marks are omitted from case and brief citations, and citations to docket entries reference the page number assigned by the Electronic Case Filing ("ECF") system, not the page number appearing on the face of the document.

charge, with both arising from 18 U.S.C. § 2252 and relat[ing] to the sexual exploitation of minors." (Plf's Trial Brief (DE 53) at 16). Defendant's conduct also follows a similar pattern, including using file sharing programs over publicly accessible wireless networks and a sexual interest in prepubescent children and infants. Under the second and fourth factors, temporal proximity and absence of intervening acts, the government argues these factors also favor admission. Defendant was arrested less than a year after serving a 10-year prison sentence on child pornography charges. He was also arrested for the instant offense while on supervised release for his prior child pornography conviction. Finally, the government argues that defendant's prior conviction is supported by reliable evidence, including certified records of the judgment, testimony from United States Probation, and "defendant's own admissions about his prior conviction that were made during a recorded interview with law enforcement." (DE 53 at 17).

Recognizing Congress's view that evidence of a prior child pornography conviction is "typically relevant and probative" under Rule 414, Kelly, 510 F.3d at 437, and having considered Rule 403's balancing factors, the court concludes the probative value of this relevant evidence is not substantially outweighed by the dangers outlined in Rule 403. To the extent defendant expresses concern that evidence of his prior child pornography conviction risks confusing and misleading the jury, this risk will be mitigated by the court's instructions to jurors, including a reminder that defendant is not on trial for any act, conduct, or offense not charged in the indictment.

**CONCLUSION**

Based on the foregoing, and for reasons stated at hearing, defendant's motion (DE 64) is DENIED. Where the government has agreed to redact certain categories of information from defendant's prior criminal judgment in the trial's main phase, memorialized in proposed redacted judgment (DE 68), without waiving any objection, the court will hear from

defendant as to sufficiency of those redactions at conference before trial on the morning of October 28, 2026. And at that time, the parties shall provide any proposed limiting instruction urged to be given by the court before admitting evidence of defendant's prior child pornography conviction for the court's review and consideration also in advance of trial.

SO ORDERED, this the 27th day of October, 2026.

LOUISE W. FLANAGAN
United States District Judge